P. A. Althouse *v.* Mrs. Jas. B. Hunsberger, with notice to terre-tenant, if any. Catharine M. Hunsperger, Appellant.

*Judgment—Revival—Defense on original merits.*

In an action to revive a judgment, it appearing that defendant had been duly served with process in the original proceedings which had been prosecuted to judgment, which had never been appealed from, defendant must be understood to have waived her right to question its validity.

Argued Nov. 9, 1897. Appeal, No. 149, Oct. T., 1897, by defendant, from judgment of C. P. Berks Co., May T., 1897, No. 23, reviving and continuing lien of judgment et quare executionem non. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Sci. fa. to revive judgment. Before ENDLICH, J.

164      ALTHOUSE *v.* HUNSBERGER.

Statement of Facts—Assignment of Errors.    [6 Pa. Superior Ct.

The facts sufficiently appear from a portion of the opinion of the court below, which is as follows:

This is a sci. fa. to revive the lien of a judgment entered to No. 48, May term, 1892, J. D., on a transcript from an alderman's docket, et quare executionem non. The writ was issued against " Mrs. James B. Hunsberger with notice to terre-tenants, if any," and returned served on Mrs. James B. Hunsberger, defendant, and George M. Christ, terre-tenant. Affidavits of defense have been filed by the latter and by Catharine M. Hunsberger.

The affidavit of Catharine M. Hunsperger starts out with an admission that the affiant is the party sued as " Mrs. James B. Hunsberger." It then recites the history of the litigation out of which the judgment sought to be revived arises, again averring the identity of " Mrs. James B. Hunsberger," " Kate Hunsberger " and the affiant, and declares that the judgment of the alderman against her was given fraudulently, in pursuance of a conspiracy between the alderman and the plaintiff, the former having knowledge that a previous suit before another magistrate, between the same parties and for the same cause of action, had been decided in her favor, which decision was not appealed from, and having assured her that he would not enter judgment against her. There is no allegation that she was ignorant of the entry of the judgment by the alderman. What is not averred in an affidavit of defense is taken not to exist: Lord v. Ocean Bank, 20 Pa. 384. If defendant was cognizant of the decision against her, it was her right and duty to appeal or certiorari the proceeding before the alderman. Not having chosen to do so, she must be understood as having waived her right to question its validity. The matters alleged in her affidavit, therefore, would not avail her as a defense before a jury, and are for that reason (Wanner v. Eman. Church, 174 Pa. 466), insufficient to prevent judgment against her.

Judgment of revival in favor of plaintiff for $36.40. Defendant appealed.

*Error assigned* was in making the rule for judgment absolute against Mrs. James B. Hunsberger.

*D. E. Schroeder*, for appellant.

*John F. Smith,* for appellee.

PER CURIAM, December 13, 1897:
The judgment is affirmed. (See preceding case.)